Dykman, J.
From the petition which laid the foundation for the order appealed from we are at liberty to gather the following facts:
In the year 1883, there was a hotel at Coney Island belonging "to the Brooklyn, Flatbush and Coney Island Bailway Company, and before the close of the month of September of that year the petitioner furnished labor and materials for the sewage of the hotel to the amount of §956.39.
On the 25th day of January, 1884, General James Jourdan was appointed receiver of the railroad company by an •order of the supreme court, on the application of judgment creditors of the company, and he accepted the situation and entered upon the performance of his duties.
Upon the presentation of the claim of this petitioner to the receiver he declined to pay the same, and based his refusal upon the insufficiency of his power to justify such payment by the application of the income from the road.
Thereupon the order from which this appeal is taken was made requiring the payment of the claim.
The facts are undisputed, and, if this order is to be obeyed, the payment must be made from the earnings of the road, as the receiver is in possession of no other funds.
The antecedent existence of the claim in question is not of itself sufficient to justify the refusal of the receiver to discharge the same from the earnings of the road under his administration, for it often becomes necessary to pay preexisting debts of a certain class from the receipts of the receiver. But the difficulty with the liability in question is that it was incurred for the permanent improvement of the hotel property owned by the railroad company, and not for current expenses in any sense, either previous or subsequent to his appointment.
*840 The demands of parties furnishing labor or supplies for the operation of a railroad may be, and usually are, paid from its current income. But the use of the earnings in payment of claims for permanent improvements to the property in preference to the claims of lienors by judgment or mortgage would be a diversion of the funds which a court of equity could not sanction.
The cases of Miltenberger v. Logansport Railway Co. (106 U. S., 286); Burnham v. Bower (111 id., 776), and Met. Trust Co. v. Tonawanda R. R. Co. (40 Hun, 80), seem to be authority sufficient for the sustenance of these principles, and require the reversal of this order.
Subsequent to the preparation of the foregoing opinion we were furnished with a copy of the opinion of the court of appeals in the case of the Met. Trust Co. v. Tonawanda Railway Co. (2 N. Y. State Rep., 69), above cited, by which we find the decision of the supreme court was reversed, and the court of appeals there held that a receiver in an action to foreclose a mortgage given by a railroad corporation was not authorized to issue certificates to pay the claims of employees of the company for labor performed previous to his appointment. Under that decision, therefore, it is entirely plain that the order appealed from must fall.
The order should be reversed, with ten dollars costs and disbursements, and the motion should be denied, without costs.
Barnard and Pratt, JJ., concur.